# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| RODOLFO SEVERINO | : | DOCKET NO. 2:06-cv-177 Section P |
|---|---|---|
| VS. | : | JUDGE TRIMBLE |
| WARDEN MICHAEL PUGH | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Rodolfo Severino, pursuant to 28 U.S.C. § 2241. By this petition, the petitioner challenges the computation of his federal sentence. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

## FACTS

On September 3, 2003, petitioner was indicted for unlawful re-entry by a deported alien in violation of 8 U.S.C. § 1326 in the United States District Court for the District of Puerto Rico. *See USA v. Severino*, 3:03-cr-00239 (D. Puerto Rico). Petitioner pled guilty to this offense on October 23, 2003, and on February 24, 2004, he was sentenced to 41 months imprisonment. *Id.*

Prior to the indictment, the petitioner states that he was detained by the immigration officials while his case was being investigated and referred to the United States Attorney's office for prosecution. He claims that the Bureau of Prisons has refused to give him credit for the unspecified time spent he spent in immigration custody. He argues that his detention by the immigration officials was "official detention" in connection with his federal offense and that he is entitled to have

this time credited against his federal sentence.

Petitioner admits in his petition that he did not present this claim to the Bureau of Prisons through the internal grievance procedure before filing this petition. *See* Doc. 1, pp.8-9. He claims that he is not required to do so because the use of the BOP grievance procedure to contest the validity of a BOP policy would be futile. Therefore, he requests that his failure to exhaust the available administrative remedies be excused.

## **LAW AND ANALYSIS**

Exhaustion of administrative remedies through the BOP is required before a prisoner seeks judicial review of a sentence computation. The United States Supreme Court has noted that federal regulations afford prisoners administrative review of the computation of their credit for time served and that inmates seeking judicial review of that computation may do so after exhausting their administrative remedies. *United States v. Wilson*, 112 S.Ct. 1351, 1355 (1992) citing 28 CFR § 542.10-542.16; *see also United States v. Gabor*, 905 F.2d 76, 78 n. 2 (5th Cir. 1990)("[n]ot only must a petitioner seeking credit on his sentence file his petition pursuant to § 2241, but he must first exhaust his administrative remedies through the Bureau of Prisons."); *McMahon v. Fleming,* 2005 WL 1940151 (5th Cir. 2005).

The Fifth Circuit Court of Appeals has held that a petitioner seeking *habeas corpus* relief under 28 U.S.C. §2241 is required to exhaust his administrative remedies. *Rourke v. Thompson*, 11 F.3d 47 (5th Cir. 1993). In *Rourke* the court stated:

> [T]his court has determined that a § 2241 petitioner "must first exhaust his administrative remedies through the Bureau of Prisons." *United States v. Gabor*, 905 F.2d 76, 78 n. 2 (5th Cir. 1990); see also *Lundy v. Osborn*, 555 F.2d 534, 534-535 (5th Cir. 1977) ("[G]rievances of prisoners concerning prison administration should be presented to the Bureau [of Prisons] through the available administrative channels. Only after such remedies are exhausted will

the court entertain the application for relief in an appropriate case."). In the present case, Petitioner acknowledges that he has failed to exhaust administrative remedies prior to filing suit and asks that his failure be excused.

"Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself by a patently futile course of action." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994), quoting *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985). A petitioner's belief that his request for administrative relief would have been denied does not make the remedy futile. *See Herman v. Wendt*, 2004 WL 68018 (N.D. Tex. 2004), citing *Green v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989)("No doubt denial is the likeliest outcome, but that is insufficient reason for waiving the requirement of exhaustion.").

There is no question that there are administrative remedies available which are appropriate for the relief sought. The BOP[1] has established an Administrative Remedy Program whereby inmates can "seek formal review of an issue which relates to any aspect of their confinement," including the computation of sentences. 28 C.F.R. § 542.10; *Molina v. Wendt,* 2004 WL 1490029, *1 -2 (N.D.Tex.,2004). A prisoner must present his claim to the prison warden and appeal any adverse decision to the BOP Regional Director and General Counsel. 28 CFR § 542.15(a); *see also Shah v. Quinlin*, 901 F.2d 1241, 1243 (5th Cir. 1990)(outlining the administrative procedure).

Accordingly,

IT IS RECOMMENDED that the petition be DISMISSED WITHOUT PREJUDICE for

---

[1] In the administration of federal prisoners, primary responsibility for supervision is delegated by statute to the Bureau of Prisons under the direction of the Attorney General. 18 U.S.C. § § 4001 and 4042.

failure to exhaust administrative remedies.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 20th day of April, 2006.

/s/ Alonzo P. Wilson
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE